**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| RODNEY BARNARD ARMOUR, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:05-CV-315 TLS |
| v. | ) | |
| | ) | |
| JAMES HERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Rodney Barnard Armour, Sr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. §

1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule

of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint,

for failure to state a claim upon which relief can be granted. Courts apply the same standard under

§ 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir.

2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove
> no set of facts in support of his claim which would entitle him to relief.  Allegations
> of a pro se complaint are held to less stringent standards than formal pleadings
> drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court
> requires only two elements:  First, the plaintiff must allege that some person has
> deprived him of a federal right.  Second, he must allege that the person who has
> deprived him of the right acted under color of state law.  These elements may be put
> forth in a short and plain statement of the claim showing that the pleader is entitled
> to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss,
> no more is required from plaintiff's allegations of intent than what would satisfy Rule
> 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be
> pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Armour alleges that he has was denied access to legal materials, but there is no "abstract, freestanding right to a law library . . . [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Mr. Armour does not allege and, on the basis of his complaint it would be unreasonable to infer, that he suffered any actual injury. Ultimately, he acquired materials with which he filed this and at least one other complaint. That is all that *Lewis* requires. State actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access, goes no further than access.

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . . . These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . . . These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them.

*Lewis v. Casey*, 518 U.S. at 354. *Lewis* only requires that an inmate be given access to file a complaint or appeal. Mr. Armour has done that at least twice. The brief delay alleged in this case did not cause Mr. Armour actual injury because it did not prevent him from filing a nonfrivolous claim.

Mr. Armour alleges that a nurse denied him medication. In his first lawsuit filed less than two weeks before this one, *Armour v. Herman*, No. 1:05-CV-295 TS, (N.D. Ind. filed August 19,

2

2005), Mr. Armour focused on his medical claims, and this Court's order dismissing that case fully addressed those issues. In the current suit, Mr. Armour alleges that he was treated rudely while on his way to the shower, when he walked up to the nurse and demanded his medication. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). As a prisoner, Mr. Armour had no right to demand immediate delivery of his medication merely because the nurse was in the cell block. Neither did he have a Constitutional right to be treated politely rather than rudely. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). This is not to say that rudeness should be a norm in prisons; rather, it is a reality that the Constitution of the United States has no prohibitions against rude people.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. §1915A.

SO ORDERED on January 13, 2006.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3